**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CIRIACO MARCOS VARGAS PICHARDO,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

v.

JORGE'S RESTAURANT II CORP
    d/b/a NEW CARRIZAL RESTAURANT,
and SILVIO RODRIGUEZ,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff CIRIACO MARCOS VARGAS PICHARDO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against JORGE'S RESTAURANT II CORP d/b/a NEW CARRIZAL RESTAURANT, ("Corporate Defendant") and SILVIO RODRIGUEZ ("Individual Defendant," and together with the Corporate Defendant, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary, (2) unpaid wages due to invalid tip credit, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary, (2) unpaid wages due to invalid tip credit, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3. Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."  26 U.S.C. § 7434(d).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## **PARTIES**

7. Plaintiff CIRIACO MARCOS VARGAS PICHARDO is a resident of Kings County, New York.

8. Defendants own and operate a restaurant under the trade name "NEW CARRIZAL RESTAURANT," located at 1346 Broadway, Brooklyn, NY 11221 (the "Restaurant").

9. Corporate Defendant JORGE'S RESTAURANT II CORP d/b/a NEW CARRIZAL RESTAURANT, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 1346 Broadway, Brooklyn, NY 11221. Defendants operate the Restaurant through Corporate Defendant.

10. Individual Defendant SILVIO RODRIGUEZ is the owner and principal of the Corporate Defendant JORGE'S RESTAURANT II CORP. Defendant SILVIO RODRIGUEZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant SILVIO RODRIGUEZ frequently visits the Restaurant. Defendant exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurant could complain to Defendant SILVIO RODRIGUEZ directly regarding any of the terms of their employment, and Defendant SILVIO RODRIGUEZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant SILVIO RODRIGUEZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members and could reprimand employees.

11. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to delivery persons, waiters, runners, busboys, bartenders, food preparers, porters, line-cooks, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their (i) proper wages, including overtime, due to a fixed salary, and (ii) their proper wages due to an invalid tip credit. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to delivery persons, waiters, runners, busboys, bartenders, food preparers, porters, line-cooks, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, delivery persons, servers, runners, busboys, and bartenders ("Tipped Subclass") who also number more than forty (40). Plaintiff, CIRIACO MARCOS VARGAS PICHARDO, is a member of both the Class and the Tipped Subclass.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same

5

Defendants' corporate practices of (i) failing to pay proper wages, including overtime, due to a fixed salary, (ii) failing to pay proper wages due to invalid tip credit, (iii) failing to provide Class Members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL. All the Class Members were also subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS.

20. Defendant was not entitled to claim tip credit allowance under the NYLL, because Defendant (i) failed to properly provide tip credit notice to tipped employees that Defendant were taking a tip credit, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

21. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented Plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where

6

individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a) Whether Defendants employed Plaintiff and the Class Members within the meaning of NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class Members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

   d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

   f) Whether Defendants paid Plaintiff and Class Members overtime premium at one and one half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

   g) Whether Defendants established the tip payment structure for the Tipped Subclass members;

   h) Whether Defendants took the proper amount of tip credit allowance under the NYLL;

   i) Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass that Defendants were taking a tip credit;

j) Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

k) Whether Defendants established the tip payment structure for Class Members without the agreement or consent of the Class Members;

l) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

m) Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class;

n) Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked;

o) Whether Defendants provided to Plaintiff and Class Members annual wage notices, as required under the NYLL; and

p) Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

26. In or around July 2019, Plaintiff CIRIACO MARCOS VARGAS PICHARDO was hired by Defendants to work as a delivery person at Restaurant located at 1346 Broadway, Brooklyn, NY 11221. Plaintiff was employed by Defendants until in or around April 2020.

27. Throughout Plaintiff's employment with Defendants, Plaintiff worked six (6) days per week from 3:00 p.m. until 12:00 a.m., for a total of fifty-four (54) hours per week.

28. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over forty (40) hours per week, however, Plaintiff was not compensated his overtime premium for

hours worked over forty (40). Similarly, FLSA Collective Plaintiffs and Class Members also worked similar hours that regularly exceeded forty (40) hours over week and were similarly paid at a straight time rate for their overtime hours.

29.     Throughout Plaintiff's employment with Defendants, Plaintiff was compensated at a fixed salary of four hundred fifty dollars ($450.00) per week, regardless of how many hours he worked each workweek. However, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that he worked. FLSA Collective Plaintiffs and Class Members were similarly paid on a fixed salary basis and were not compensated their overtime premium of time and a half for all hours worked over forty (40), even though there was never any agreement that their fixed salaries would cover overtime.

30.     Plaintiff's fixed salary of four hundred fifty dollars ($450.00) per week resulted in an hourly rate that fell below the New York State Minimum Wage Rate. FLSA Collective Plaintiffs and Class Members were similarly paid on a fixed salary basis and were not compensated at the proper minimum wage rate.

31.     During Plaintiff's employment by Defendants, Defendants compensated Plaintiff at a "tip credit" minimum wage, which was at all relevant times below the New York State minimum wages. However, because Defendants failed to fulfill all requirements for a tip credit, all tip credits taken were invalid. FLSA Collective Plaintiffs and Class Members similarly had invalid tip credits.

32.     With regards to Plaintiff, subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. The fixed salary amount was below minimum wage. With respect to Plaintiff, a subclass member of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit

allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA, (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA, (iii) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (iv) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek in violation of the FLSA and NYLL, (v) failed to accurately track daily tips earned or maintain records thereof, (vi) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (vii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

33. Plaintiff and Tipped Subclass Members were required to spend more than twenty percent (20%) of their working time, or more than two (2) hours per shift engaged in non-tipped activities. Specifically, Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass Members were required to do porter work, dishwash, clean restaurant, sweep, and polish all glassware and silverware among other tasks, for more than twenty percent (20%) of their working time, or more than two (2) hours per shift.

34. Plaintiff and Tipped Subclass Members did not receive notice that Defendants were claiming a tip credit on tipped employees' compensation. They were never informed that Defendants were claiming a tip credit allowance.

35. Plaintiff and Class Members would be paid in cash and were not given proper wage statements when they received pay.

36. As a result of Defendants paying Plaintiff and Class Members in cash, Defendants failed to withhold any of Plaintiff's and Class Members' wages for tax purposes.

37. Defendants further failed to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which they worked.

38. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's and Class Members' earnings and to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which Plaintiff and Class Members worked.

39. Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

40. Defendants did not provide Plaintiff with proper wage statements at all relevant times. Class Members also received defective wage statements that did not comply with the NYLL.

41. At no time during the relevant time periods did Defendants provide Plaintiff or Tipped Subclass Class Members with wage notices or proper wage statements as required by NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

42. Defendants had a legal obligation to file accurate tax statements with the IRS.

43. Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code.

44. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this Class and Collective Action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, Corporate Defendant had gross annual revenues more than $500,000.

49. At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

50. At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to a fixed salary.

51. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

52. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to a fixed salary, unpaid wages from invalid tip credit, and an equal amount as liquidated damages.

58. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **COUNT II**

## **VIOLATION OF THE NEW YORK LABOR LAW**

59. Plaintiff realleges and reavers Paragraphs 1 through 58 of this Class and Collective Action Complaint as if fully set forth herein.

60. At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

61. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed salary.

62. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

63. Defendants willfully violated Plaintiff and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

64. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL.

65. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

66. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to a fixed salary, unpaid wages resulting from an invalid tip credit, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS

## UNDER 26 U.S.C. § 7434(a)

67. Plaintiff realleges and reavers Paragraphs 1 through 66 of this Class and Collective Action Complaint as if fully set forth herein.

68. By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiff and Class Members as compensation for all of the work Plaintiff, FLSA Collective Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

69. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

     law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to a fixed salary due under the FLSA and NYLL;

d. An award of unpaid wages due to an invalid tip credit due under the FLSA and NYLL;

e. An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

f. Cost attributable to resolving deficiencies;

g. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

h. That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

i. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

k. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

l. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    m. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

    n. Designation of this action as a class action pursuant to FRCP 23;

    o. Designation of Plaintiff as Representatives of the Class; and

    p. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 15, 2021

                              Respectfully submitted,
                              By:    */s/ C.K. Lee*
                                    C.K. Lee, Esq.

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              148 West 24th Street, 8th Floor
                              New York, NY 10011
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiff,*
                              *FLSA Collective Plaintiff and the Class*